94 Cal.App.3d 472 (1979)
156 Cal. Rptr. 512
In re TRACY J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
TRACY J., Defendant and Appellant.
Docket No. 33373.
Court of Appeals of California, Second District, Division Four.
June 27, 1979.
*474 COUNSEL
Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Susan L. Burrell, Deputy State Public Defender, for Defendant and Appellant.
Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler and Robert H. Philibosian, Chief Assistant Attorneys General, S. Clark Moore, Assistant Attorney General, Lawrence P. Scherb II, Shunji Asari and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
KINGSLEY, Acting P.J.
By petition filed in the juvenile court, it was alleged that Tracy J. was a minor who came within the provisions of Welfare and Institutions Code section 602. In count I it was alleged that Tracy had committed the felony offense of robbery in violation of Penal Code section 211. In count II it was alleged that Tracy had assaulted the victim by means likely to produce great bodily injury, a felony, in violation of Penal Code section 245, subdivision (a).
Tracy denied the allegations of the petition. He also moved to suppress statements made by the three minors originally detained by the police during their investigation of this matter. Tracy also moved for the disclosure of the identity of an informant, on the ground that said informant was a material witness with respect to the issue of identity of the two perpetrators of the crimes. The motions were denied, although *475 the trial court later, at the adjudication hearing, reversed in part its ruling on the suppression-of-evidence motion.
After the prosecution had presented its case in chief, the minor moved to dismiss the petition pursuant to Penal Code section 1118.1; the motion was denied.
At the conclusion of the adjudication hearing the court found the allegations of the petition to be true and sustained the petition as to both counts. The minor, Tracy, was made a ward of the juvenile court pursuant to the provisions of Welfare and Institutions Code section 602. His motion for a rehearing was denied. At the disposition hearing, Tracy was committed to the California Youth Authority for a maximum of four years, the confinement on counts I and II to run concurrently.

I

The Factual Background
Our record reveals that the crime involved here was a purse snatch, committed by two young males. On April 14, 1978, the victim, a 64-year-old female, Lorene Sample, was standing at her mailbox at about 2 p.m. when she felt a tug at her purse, strapped over her left shoulder. She turned and saw a young male within inches of her purse, pulling at it; another young male stood behind him.
The victim screamed. Her assailant continued to pull at her purse and dragged Mrs. Sample down some porch steps and onto the driveway. The victim fell, injuring her back. Her purse strap broke, and the assailant grabbed the purse. Both youths started to run.
Mrs. Sample's husband and son chased the two fleeing youths. Two paramedics who happened to be on the street saw the pursuit. They contacted the police, and their description of the suspects was broadcast. Later, after the police had interviewed the victim, a fuller description was broadcast. The police helicopter was dispatched to the scene, as were investigating police officers. At some point after the police investigation commenced, two police officers were contacted by an unidentified informant in the neighborhood. This informant told them he had seen a young male, Stacey T. and another youth run by; that Stacey had told the informant he, Stacey, had just "ripped off" a purse. According to the testimony of the police officers at the trial, the informant had said that he *476 had not seen the face of the other individual, although the informant saw him run off on the other side of the street.
The paramedics subsequently contacted the police again and reported that three minors had appeared in the neighborhood, two older youths who looked like the suspects and a young boy. The police arrived and detained the three minors, Stacey T., Jeffrey J. and five-year-old Michael J. The victim, Lorene Sample, was brought to the scene and observed the two older boys. There is a conflict in the testimony of the two police officers concerning Mrs. Sample's field identification. One officer testified that she identified both youths, but the other officers testified that she identified Stacey T. as the taller boy who stood behind her assailant but that she wasn't positive that Jeffrey J. was the individual who actually grabbed her purse, although he looked very much like him.
Stacey T. and Jeffrey J. were handcuffed and taken to the police station. Five-year-old Michael J. was also transported there, but in another vehicle, as the police did not wish to leave him unattended. Michael identified himself as a nephew of Jeffrey J. and Tracy J., and advised the police that they had the wrong suspect in custody, i.e., Jeffrey J.; the real culprit, according to Michael, was Jeffrey J.'s younger brother, Tracy J. These statements of Michael were suppressed for purposes of the adjudication hearing. At the police station, Stacey T. was detained, but Jeffrey J. was released.
A few days later, the police showed a series of six photographs to the victim, Lorene Sample; no photograph of Jeffrey J. was included, but one of Tracy, the minor on this appeal, was included. Jeffrey and Tracy, two years apart in age, look very much alike. From these six photographs, Mrs. Sample identified Tracy as the principal purse snatcher, and he was arrested later the same day. In her testimony at the trial, Mrs. Sample also identified Tracy as the purse snatcher.

II

Discovery of the Identity of the Informant
(1a) On this appeal, Tracy first contends that the trial court committed prejudicial error when it ruled that the police informant was not a material witness whose identity need be disclosed. He also challenges the sufficiency of the evidence, the constitutionality of the use of referees as hearing officers in the juvenile court, and the sentencing of this minor *477 pursuant to Welfare and Institutions Code section 726 as a violation of the equal protection provided by both the California and the federal Constitutions. Since we have concluded that the minor is correct with respect to the contention that he had a right to the discovery of the identity of the police informant, we find it unnecessary to reach the other issues.
(2) When it appears from the evidence that an informer is a material witness on the issue of guilt or innocence and a defendant seeks disclosure of such informer's identity, the prosecution must either disclose his identity or incur a dismissal of the action. (People v. Hunt (1971) 4 Cal.3d 231, 239 [93 Cal. Rptr. 197, 481 P.2d 205].) In this situation, nondisclosure deprives a defendant of a fair trial. (Price v. Superior Court (1970) 1 Cal.3d 836, 842 [83 Cal. Rptr. 369, 463 P.2d 721].) (3) A defendant seeking disclosure of an informer's identity bears the burden of demonstrating that there is "a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration." (People v. Garcia (1967) 67 Cal.2d 830, 840 [64 Cal. Rptr. 110, 434 P.2d 366].)
(1b) In the case at bench, a police officer testified that the informant had seen the two boys running away from the scene of the crime; that the informant said he spoke to Stacey T., one of the two; that he saw the other running but did not see his face. The informer identified Stacey T. to the police. Upon the basis of this testimony, the trial court ruled that the informant was not a material witness with respect to the identity of the second individual, although the minor's counsel had moved for disclosure in order to be given an opportunity to interview the informer as a prospective witness. The minor points out that, even if the informant had not seen the face of the second individual, there was other information he could possibly have provided, such as a description of the individual's height or clothing. The Attorney General contends that the issue of identity of the perpetrator was a very narrow one, involving a choice between which of the brothers  Jeffrey J. or Tracy J.  was involved in the crime. Under these circumstances, it is suggested that the informant's failure to see the face of the youth who was with Stacey precluded any meaningful assistance from that quarter.
We note first of all that this informant was a witness to the flight of the two suspects from the scene of the crime. Particularly in a case where there is a real question of identity, any witness who might be able to cast *478 light on that issue would be material. In the case before us, the materiality of the informer's possible testimony could not be determined by the characterization of his statement to the police by a police witness or by conclusions drawn from such statement by such police witness. The testifying police officer is not the arbiter of the matter, nor may the trial court accept him as such. It was explained in People v. Coleman (1977) 72 Cal. App.3d 287, 298 [139 Cal. Rptr. 908], that such an officer's "bald opinion ... is not competent to prove anything." This is especially true in the case at bench, as the officer's opinion would undoubtedly be influenced by his desire not to disclose, if possible, the identity of the informant.
Here, assuming that the informant did not see the face of the second individual, the informant did see his person and might well have noticed other things about him that would distinguish him from other persons, whether related to him or not.

III
For the reasons above stated, we reverse the orders. We must, therefore, consider what action the trial court should take on remand. (4) We conclude that the People, if they so desire, and elect to again proceed against the minor, may request an in camera proceeding under section 1042 of the Evidence Code.
We are aware of the decision in People v. Viramontes (1978) 85 Cal. App.3d 585 [149 Cal. Rptr. 607], but conclude that the case is distinguishable. In that case, the trial court had ruled against the People on the issue of materiality, and had dismissed the prosecution. The Court of Appeal affirmed the dismissal, holding that the People could not raise the issue of an absence of an in camera hearing when they had failed to raise the issue of privilege after the ruling on materiality. Here, however, the trial court ruled in favor of the People on the materiality issue. Under those circumstances, the People had no reason (and perhaps no right)[1] to request a hearing on the privilege issue. Here we have decided that the trial court erred on the issue of materiality. Thus, for the first time, the trial court is in a position to hold the in camera hearing. We conclude that the People, now, have the right to such a hearing if they desire it.
In so holding, we see no problem of "gambling" by the People. Where, as in Viramontes, the People have lost on one of the two issues going to *479 disclosure, it is only proper to require them to litigate the second promptly or to be held to have waived (or perhaps conceded their inability to prevail on) the second. But where the People win, in the trial court, on one of the two issues, there is no reason for them to seek to gild the lily by securing another and cumulative victory on the second issue.
The orders appealed from are reversed for further proceedings consistent with this opinion.
Alarcon, J., concurred.
JEFFERSON (Bernard), J.
I concur in part and dissent in part.
I agree with the majority's holding that, on the record before us, the trial court erred in not granting the minor's motion for disclosure of the informer's identity, which requires a reversal of the trial court's orders. But I disagree with the majority's conclusion that, on remand, the prosecutor should be given an opportunity to request an in camera hearing for the purpose of seeking to establish that the informer would not be a material witness on the issue of the minor's innocence. This procedure would give the prosecutor a second opportunity to seek the same ruling from the trial judge  a denial of the minor's motion for disclosure of the identity of the informer. The minor could thus be put in the unfair position of having to take an appeal from a new order declaring him a ward of the juvenile court in an effort to claim error in the trial court's second ruling denying his motion for disclosure.
I would remand the case to the trial court with directions that the prosecutor be ordered to reveal the identity of the informer and, if the prosecutor still stands upon the privilege for nondisclosure, to dismiss the petition against the minor.
The majority's directions on remand gives the prosecutor a second bite of the apple in seeking to withhold from the minor disclosure of the informer's identity  a bite which the prosecutor is not entitled to receive. I find the majority's view to be unsound, untenable and unsupportable by either logic, reason, experience, or any valid principles of statutory interpretation.
The majority's view that, on remand, "for the first time, the trial court is in a position to hold the in camera hearing," is patently erroneous. The *480 majority's conclusion that, during the proceedings below, the prosecutor "had no reason (and perhaps no right) to request a hearing on the privilege issue," is equally erroneous and fallacious.
The majority simply overlooks the plain and lucid language of Evidence Code section 1042, subdivision (d). Subdivision (d), in part pertinent to the issue before us, provides: "When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. Such hearing shall be conducted outside the presence of the jury, if any. During the hearing, if the privilege provided for in Section 1041 [the privilege for nondisclosure of the identity of an informant] is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." (Italics added.)
There is no ambiguity in the provisions of Evidence Code section 1042, subdivision (d). The procedure outlined is clear and specific. When a motion is made by a defendant (or a minor in juvenile court) for the disclosure of the identity of an informant, and a privilege for nondisclosure of such informant's identity is asserted (Evid. Code, § 1041), the prosecution is entitled to request an in camera hearing so that information may be presented to aid the trial court in determining whether to grant the motion for disclosure. When such a request for an in camera hearing is made, the trial court has no discretion to deny the prosecution's request. The trial court must conduct an in camera hearing as well as the adversary hearing before ruling on defendant's motion for disclosure of the informer's identity. The purpose of providing for two hearings in Evidence Code section 1042, subdivision (d), is to expand the information at the trial court's disposal so that the court  without having to speculate  may assess correctly the importance or lack of importance of the informant's testimony on the issue of defendant's innocence of the charged crime.
*481 Thus, in the case at bench, the prosecution resisted the minor's motion for disclosure of the identity of the informer by asserting the privilege for nondisclosure authorized by Evidence Code section 1041. But the prosecution did not choose to request an in camera hearing (Evid. Code, § 1042, subd. (d)) in addition to the adversary hearing being conducted by the court in which all parties were participating. The prosecution obtained a favorable ruling from the trial court  denying the minor's motion for disclosure of the identity of the informer  even though no in-camera hearing was held because the prosecution made no request for such a hearing.
But the majority in today's opinion rewards the prosecution for its trial court tactics of obtaining a favorable ruling on nondisclosure without having requested an in camera hearing, by giving the prosecution a second chance to offer evidence, not offered before, to prove that the trial court was correct in its initial ruling against disclosure in spite of the fact that we hold that that ruling was error.
Contrary to the view of the majority, I consider the reasoning in People v. Viramontes (1978) 85 Cal. App.3d 585 [149 Cal. Rptr. 607], as persuasive in the case before us. In Viramontes, the court considered a People's appeal from a dismissal which was based upon the failure of the prosecution to disclose the identity of an informant as ordered below. The judgment of dismissal was affirmed without remand for an in camera hearing, the court declaring that "[h]aving failed to avail themselves of the statutory procedure which `allows the prosecutor to produce the informant in camera so that the court can determine just what the informant knows, and whether his testimony would be material on the issue of guilt' [citation], the People cannot now complain...." (Id., at p. 593.)
The distinction which the majority makes between Viramontes and the case before us  a trial court's ruling in favor of defendant contrasted with a trial court's ruling in favor of the prosecution  is without substance or merit. The prosecutor gambled in our case as he did in Viramontes to see which way the trial court would rule. It happened in Viramontes that the trial court ruled in favor of disclosure, while in our case the trial judge ruled against disclosure.
But the only way to keep a prosecutor from gambling on a favorable ruling without requesting an in camera hearing is to preclude any request by the prosecutor for an in camera hearing after a reversal on appeal. *482 This does not mean that the defendant necessarily goes free of prosecution. It simply means that the prosecution must either reveal the identity of the informer or else incur a dismissal of the prosecution.
The view I espouse in this situation is not unlike the result reached in another area by the California Supreme Court in People v. Belton (1979) 23 Cal.3d 516 [153 Cal. Rptr. 195, 591 P.2d 485]. In Belton, the trial court erroneously denied a defendant's motion for judgment of acquittal, made pursuant to Penal Code section 1118, after the prosecution's case in chief had been completed. The trial proceeded and the missing link in the prosecution's case in chief was supplied by the prosecution's evidence presented in rebuttal, resulting in defendant's conviction. In reversing defendant's conviction, the Supreme Court forbade a retrial and directed a judgment of acquittal. In so ruling, the court observed: "However, a general reversal is not adequate, since a retrial would result. (Pen. Code, § 1262.) Such a retrial would allow the prosecution to accomplish by indirection that which this court holds it cannot do directly. To be consistent with the Legislature's intent in enacting section 1118, this court cannot afford the prosecution, having once failed to prove a prima facie case, a second opportunity to present the evidence against a defendant." (Belton, supra, 23 Cal.3d 516, 527.)
The Belton reasoning is applicable to the situation presented in the case at bench. The prosecution should not be allowed to accomplish by indirection that which it had an opportunity to accomplish but failed to do so directly in the proceedings prior to this appeal. To be consistent with the Legislature's intent in enacting Evidence Code section 1042, subdivision (d), this court should not afford the prosecution, having once failed to request an in camera hearing to present evidence against the minor's motion for disclosure of the identity of the informer, a second opportunity to request an in camera hearing to present evidence in opposition to the minor's motion for disclosure of the identity of the informer.
The Belton and Viramontes holdings constitute no unfairness to the prosecution. But the majority's holding in the case at bench constitutes a manifest injustice to the minor who has appealed and to any other minor or defendant similarly situated in the future whose appeal comes before this court.
A petition for a rehearing was denied July 17, 1979, and respondent's petition for a hearing by the Supreme Court was denied August 22, 1979.
NOTES
[1] An issue we do not, and need not, decide in this case.